

**Dated: July 28, 2015**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                    )        Case No. 11-14588-JDL
                                          )        Ch. 13
Stacie Lynn Roberts,                      )
                                          )
                    Debtor.               )
                                          )
Stacie Lynn Roberts,                      )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )        ADV. NO. 15-1005-JDL
                                          )
Bank of America,                          )
                                          )
                    Defendant.            )

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This adversary proceeding is before the Court on *Motion to Dismiss Complaint and*

*Incorporated Memorandum of Law* (the "*Motion*") filed by Defendant Bank of America,

N.A.("BANA")  [Doc. 12], *Plaintiff's Objection to Motion to Dismiss* (the "Objection") [Doc.

16] and BANA's *Reply to Plaintiff's Objection to Motion to Dismiss* (the "*Reply*") [Doc. 17]. In the *Motion*, filed pursuant to Federal Rules of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), BANA requests that the adversary proceeding be dismissed, contending that the *Complaint* fails to state a claim upon which relief can be granted.

The matter was heard before the Court on July 7, 2015. Thereafter, the parties were granted leave to file Post Hearing Memorandum of Law ("Memorandum") and Response ("Response") thereto. [Docs. 28 & 30].

Pursuant to Fed. R. Bankr. P. 7052 the Court makes the following findings of fact and conclusions of law for entry of a final order.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 (b), and venue was proper pursuant to 28 U.S.C. §1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. §157 (a). This is a "core proceeding" under 28 U.S.C. §157 (b) (2)(B).

## Statement of the Case

Plaintiff has filed an adversary *Complaint* against Defendant in relation to the mortgage on Debtor's residence. The *Complaint* contains two claims for relief against Defendant. The First Claim for Relief seeks a declaratory judgment that Defendant does not have standing to pursue its proof of claim and that the proof of claim be determined to be invalid. As to BANA's lack of standing, Plaintiff alleges that BANA filed a mortgage foreclosure action in Grady County, Oklahoma, in which BANA alleged that it was "the

present holder of said note and mortgage having received due assignment through mesne assignments of record conveyance via mortgage servicing transfer".   Attached to the Petition was a Promissory Note (the "Note) with no endorsement or allonge showing BANA to be the holder or having the rights of a holder to enforce the Note.  Plaintiff further alleges that BANA filed a Proof of Claim in the bankruptcy case which attached the Note with an undated allonge endorsed in blank by the payee, Solstice Capital Group, but that BANA failed to permit Plaintiff's counsel to examine the original Note and mortgage after agreeing to do so.

The Second Claim for Relief, citing fraud, seeks to have BANA disgorge the approximately $60,000 in mortgage payments which it has received from Plaintiff through the Chapter 13 Trustee, plus actual and punitive damages and attorneys fees.  In her fraud claim, Plaintiff alleges that in the state court Petition for foreclosure BANA falsely represented that it was the holder of the promissory note and mortgage, and that such fraud was evidenced by "the copy of the note attached to the Petition was to Solstice Capital Group, Inc. which did not contain an endorsement or allonge and Bank of America's continued failure to produce the original note".  [*Complaint*, Doc.1 ¶ 12].  Plaintiff alleges that her reliance upon such misrepresentations is shown by the fact that she filed bankruptcy to stop the foreclosure.

In its *Motion*, BANA asserts that the *Complaint* should be dismissed for failure to state a claim, and that Plaintiff's claims fail as a matter of law.  BANA alleges that the *Complaint* does not plead sufficient facts "to support a reasonable inference that there has been some wrongdoing, but rather that the "Complaint consists of only a handful of factual

allegations which do not support any claim". BANA further alleges that the *Complaint* does not meet the heightened pleadings requirements for fraud and that there are no specific allegations of fact that would support a claim for fraud. BANA's position is that it was at all times pertinent, both at the time of the filing of the state court foreclosure and at the time of the filing of its Proof of Claim, the holder of the Note which resolves both the issue of its standing to assert the proof of claim and the correlative issue of Plaintiff's claims of fraud.

## Statement of Facts

Based upon the record in this proceeding, the Court finds the following material facts:

1. On March 18, 2008, James O'Neal Roberts and Stacie Roberts executed and delivered to Solstice Capital Group, Inc. ("Soltice") a Promissory Note in the original amount of $178,400 ( the " Note " ). [Doc. 1, *Complaint* ¶ 1].

2. Attached to the copy of the Note given to Debtor at closing was a typed allonge reflecting a special endorsement, stating, "Pay to the Order of Countrywide Bank, FSB". [Doc. 16, *Objection*, Exhibit A, pg. 4].

3. Also on March 18, 2008, as security for the Note, Debtor executed a Mortgage in favor of Mortgage Electronic Registration System, Inc. ("MERS") as nominee for Solstice. [Doc. 1, *Complaint*, Exhibit 1, pg. 10].

4. On August 17, 2011, Defendant filed a Petition for Foreclosure of Mortgage in the District Court of Grady County, Oklahoma. As Exhibit A to the Petition was the Note without an endorsement or an allonge. [Doc. 1, *Complaint*, Exhibit 1]. Attached as Exhibit B to the Petition was an Assignment of

Mortgage dated July 29, 2011, from MERS to Bank of America, N.A., Successor by Merger to BAC Home Loan Servicing, L.P f/k/a Countrywide Home Loans Servicing, LP.  [Doc. 1, Complaint, Exhibit 1, pg. 26].  While there was no endorsement of the note or an allonge attached indicating BANA to be the owner or holder, the Petition did allege that it was "the present holder of said Note and Mortgage having received due assignment through mesne assignments of record or conveyance via mortgage servicing transfer."  [Doc. 1, Complaint ¶ 4].

5.    In 2008, BAC Home Loan Servicing L.P. acquired the assets of Countrywide Financial Corp.  BAC Home Loan Servicing L.P. merged into BANA on July 1, 2011.  [Judicial notice and statement of counsel on record at July 7, 2015 hearing].

6.    On August 23, 2011, Debtor filed her Petition for Relief under Chapter 13 [Case No. 11-14586, Doc. 1].  Listed on Debtor's Petition was a debt owed to BANA for a mortgage claim, including arrears. [Doc. 1, p. 12].

7.    On November 16, 2011, Defendant filed its Proof of Claim in the amount of $175,205.86.  The copy of the Note attached to the Proof of Claim includes an allonge endorsed in blank from Solstice. [Doc.1, Complaint ¶ 5; Proof of Claim # 4-1].

8.    On October 4, 2011, the court entered its *Order Confirming Chapter 13 Plan* which provided that BANA was to be paid an ongoing monthly mortgage

payment of $1581 and an arrearage claim of $14,300, both bearing interest at 7.25%.  [Doc. 12].

## The Standard for a Motion to Dismiss

Under Federal Rule of Civil Procedure 12 (b) (6), a claim may be dismissed because of plaintiffs "failure to state a claim upon which relief can be granted".  The Court must evaluate the motion to dismiss to determine whether the complaint alleges sufficient facts supporting all the elements necessary to establish an entitlement to relief under the claims raised.  *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).  A dismissal under Rule 12 (b)(6) may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  [Insert Baron Berg].  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010);  *Barenburg v. Burton* ( *In re Burton*), 463 B.R. 142 (10th Cir. BAP 2010).

When considering a motion to dismiss, the court may consider not only the complaint but a document central to the plaintiff's claim and referred to in the complaint, at least where the document's authenticity is not in dispute.  *Pace v. Swerdlow*, 519F.3d 1067 (10th Cir. 2008); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).  Documents which are exhibits to or are incorporated by reference in the complaint may be properly considered as part of the pleadings for purposes of ruling on a motion to dismiss.  *Genesee County Employees Retirement System v. Thornburg Mortgage Securities*, 852 F.Supp. 2d 1082 (D. N.M. 2011).  Furthermore, "the court is permitted to

6

take judicial notice of its own files and records, as well as facts which are matter of public record". *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2010).  Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.  *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004).  Thus, this Court has summarized the facts of the case by citation to the Complaint and documents attached to the Complaint, as well as state court documents of which this Court can take judicial notice.

In considering the allegations of a complaint, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences".  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (stating that the complaint must give the court reason to believe that the plaintiff has a reasonable likelihood of mustering factual support for the claims raised).  To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to  state a claim that is plausible on its face".  *Ashcroft v. Iqbal*, 556 US 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed. 929 (2007);  As stated by the U.S. Supreme Court in *Ashcroft v. Iqbal* at 778:

> "To survive dismissal under Rule 12(b)(6) for failure to state a claim, plaintiffs must "nudge [ ] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While factual assertions are taken as true, legal conclusions are not.  A plaintiff is "not required to set forth a prima facie case for each element, [but] is required to set forth plausible claims."  Khalik, 671 F.3d at 1193.  "A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.

> Where a complaint pleads facts that are 'merely consistent with' a
> defendant's liability, it 'stopped short of the line between possibility and
> plausibility of 'entitlement to relief'."

See also, *Lamar v. Boyd,* 508 Fed. Appx. 711(10th Cir. 2013); *Cook v. Baca*, 2013 WL

828814 (10th Cir. 2013).

The Tenth Circuit has interpreted the "plausibility" requirement to mean "that if

[allegations] are so general that they encompass a wide swath of conduct, much of it

innocent, then the plaintiffs have not nudged their claims across the line from conceivable

to plausible". *Robbins v. Oklahoma ex rel. Oklahoma Department of Human Services*, 519

F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be

true, the plaintiff plausibly (and not just speculatively) has a claim for relief". Id.  With the

Rule 12(b)(6) standards in mind, the Court will examine the two claims for relief contained

in Plaintiff's *Complaint.*

### The First Claim for Relief

Plaintiff's First Claim for a Relief seeks a declaratory judgment that BANA lacks

standing to enforce its Proof of Claim.  Bankruptcy law does not specify the requirements

for the enforcement of promissory notes.  The parties dispute as to the validity of a

promissory note is determined by applicable non–bankruptcy law, which is usually state

law.  See *Butner v. United States*, 440 U.S. 48, 54-55, 99 S.Ct. 914 (1979).  Under

Oklahoma law, enforcement of a promissory note that is secured by a mortgage is

governed by the Uniform Commercial Code ("UCC").  The Note, originally payable  to

Solstice, providing for interest and an unconditional promise to pay the lender, is a

"negotiable instrument".  12A O.S. § 3-104.  A "person entitled to enforce"  an instrument

8

means (1) the holder of the instrument, (2) a non-holder in possession of the instrument who has the rights the holder, or (3) a person not in possession of the instrument who was entitled to enforce the instrument". 12A O.S. § 3-309 or § 3-418(d). The issue presented by Plaintiff's First Claim for Relief is whether the BANA is such a "person to enforce" the Note and thus with standing to assert its Proof of Claim.

A "holder" is defined as "the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession". 12A O.S. § 1 -201 (20). "Mere possession or ownership of a note is insufficient to qualify an individual as a holder" where, as here, the ownership of an instrument is transferred, the transferee's attainment of the status of "holder" depends on the negotiation of the instrument to the transferee. Under 12A O.S. § 3-201(a), the two elements required for negotiation are the transfer of possession of the instrument to the transferee, and its endorsement by the holder. 12A O.S. § 3-201(b); *Deutsche Bank National Trust Co. v. Matthews,* 273 P.3d 46 (Okla. 2012); *Deutsche Bank National Trust Co. v. Brumbaugh, 270* P.3d 151 (Okla. 2012). Therefore, BANA must demonstrate it is a person entitled to enforce the note. It must provide evidence that it had possession of the Note either by being a holder or non-holder in possession who has the rights of the holder. *Deutsche Bank National Trust Co. v. Matthews.* at 153. In the present case, there appears to be no question that BANA has possession of the Note. Plaintiff and BANA agreed in open Court that BANA had produced the Note and the original Note was produced and examined by this Court. As will be discussed later in this opinion, it will become necessary to determine *when* that possession was acquired.

9

The second element required to negotiate an instrument to the transferee is an endorsement by the holder. An endorsement means "a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by words is made on an instrument for the purpose of negotiating the instrument, restricting payment of the instrument, or incurring indorser's liability on the instrument". 12A O.S. § 3-204. The endorsement may be on the instrument itself, or it may be on "a paper affixed to the instrument". Such a paper is called an "allonge," defined as "a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further endorsements when the original paper is filled with endorsements". *Black's Law Dictionary* at 88 (9th Ed. 2009); 12A O.S. § 3-204(a) ("[F]or the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is part of the instrument."). In short, an executed allonge is recognized as a valid endorsement of a note.

In this case, at various times in its life the Note had both an allonge and endorsements on the Note itself. This raises the question of when the allonge was endorsed and the relevant endorsements were made. Under Oklahoma law pertaining to foreclosure actions "in order to enforce a mortgage note, a plaintiff must show that it was the holder of the note *at the time the Petition was filed*". *Wells Fargo Bank, NA v. Heath,* 280 P.3d 328 (Okla. 2012); *Deutsche Bank National Trust v. Brumbaugh*, 270 P.3d 151 (Okla. 2012); *HSBC Bank USA v. Lyon*, 276 P.3d 1102 (Okla. 2012). This proceeding, however, does not involve a motion to lift stay of a pending foreclosure. Here, the document which Plaintiff has challenged is a proof of claim, rather than a complaint, petition or motion, and the seminal date for analysis and allowance of a proof of claim,

including the question of standing, is the date the bankruptcy case was commenced. *See* Official Form 10; *In re Parker*, 445 B.R. 301, 306 (Bankr. D. Vt. 2011). Therefore, the critical inquiry is whether Defendant was the holder of the note as of the date of Plaintiff's bankruptcy filing, August 23, 2011 (which was only six days after the filing of the foreclosure action).

A review of Plaintiff's First Claim for Relief in the Complaint quickly reveals the legal insufficiency of her claims. In her First Claim for Relief, Plaintiff states, "In a foreclosure action, the lender is required to have the original note in its possession at the time of the filing of the (foreclosure) lawsuit". [*Complaint*, ¶ 9]. That is a true statement of the law. Next, Plaintiff asserts that "Bank of America has not produced the original note for inspection and review". [*Complaint*, ¶ 10]. Therefore, Plaintiff contends the Court should determine that BANA does not have standing to pursue its proof of claim.

The problem, however, is Plaintiff doesn't allege that BANA *didn't* have the Note at the time it filed the foreclosure, when the bankruptcy was filed or when it filed its Proof of Claim. Plaintiff is merely inferring or speculating that because BANA had failed to produce the Note (or at least it hadn't prior to the filing of the *Complaint*), it wasn't the holder of the same.[1] Such speculation is not sufficient to meet the *Twombly* standard. Such speculation is also belied by the facts.

First, in its state foreclosure Petition BANA alleged that it was the holder of the Note and entitled to enforce the same. The fact that it didn't attach a copy of the Note showing

---

[1] This adversary probably wouldn't have been filed if BANA had produced the original Note for inspection. Plaintiff's counsel had indicated that she wouldn't file an adversary if given proof that BANA was in possession of the Note. After waiting for two months, the adversary was filed on January 24, 2015.

11

an endorsement that it was the holder probably would have resulted in dismissal of the case or BANA filing an amended petition attaching the properly endorsed Note. The foreclosure wasn't dismissed or the Petition amended because six days after the foreclosure was initiated Plaintiff filed bankruptcy imposing an automatic stay of all actions against her or her property.

Second, the Proof of Claim had a copy of the Note with an attached allonge endorsed in blank by the original payee, Solstice. This would make the Note a bearer instrument entitling the holder, BANA, to enforce the same. Plaintiff so much as agrees with this when she states in her *Post-Hearing Memorandum of Law* that, "[I]f, as Bank of America contends, the original note initially was endorsed in blank by Solstice, Bank of America would have been the holder of and in possession of a note endorsed to bearer at the time of the filing of a proof of claim . . . and thus would have been a 'person entitled to enforce the note' and would have had standing to file a proof of claim-end of story". [*Memorandum*, pg. 3]. The Court agrees that should be "the end of the story", but, for Plaintiff it is not the end. Plaintiff goes on to argue that because the "inexplicable" and "illogical scenario" of the "original" Note produced at the hearing bears a special endorsement to Countrywide not present on the Note attached to the proof of claim the Proof of Claim "was fraudulent and was prepared after the special endorsement to Countrywide". [*Memorandum*, pg. 4]. This argument, even accepted at face value, is unpersuasive because BANA was, as a matter of law, the bearer-holder and in possession of the Note when it filed the Proof of Claim.

12

The Court rejects Plaintiff's argument that BANA lacked standing to enforce the Note, and will not disallow, deem fraudulent, or otherwise invalidate the Proof of Claim based on those arguments.

### Second Claim for Relief

Plaintiff's Second Claim for Relief also fails to state a claim for relief under Rule 12(b)(6) standards. Plaintiff asserts that BANA is guilty of fraud because it filed a foreclosure action without having standing to do so and filed a false Proof of Claim because fraud "is evidenced by its (BANA's) failure and inability to produce the original note". [*Complaint*, ¶ 12 & 15].  But how does BANAs' failure to attach a copy of the endorsed Note to the Petition for foreclosure make the foreclosure fraudulent or the failure to produce the original Note make the Proof of Claim "false"?  The Court  has  already discussed why BANA's failure to attach a copy of the properly endorsed Note to the foreclosure Petition is not evidence of  fraud.

As to the Proof of Claim, it had a copy of the Note with an attached allonge endorsed in blank by the original payee, Solstice.  As discussed above, this made the Note a bearer instrument entitling the holder, BANA, to enforce the same.  The fact that when the "original" note was finally produced it had a special endorsement to Countrywide, BANA's predecessor in interest by merger, didn't change the fact that the Proof of Claim showed BANA as holder-bearer having standing to file the same.  Plaintiff alludes to nefarious or fraudulent conduct on the part of BANA by virtue of the fact that the Note attached to the Proof of Claim had a blank endorsement while the original note had a special endorsement. Plaintiff says "the only plausible explanation is that BANA was clearly

13

aware that the special endorsement to Countrywide Bank , FSB , was not sufficient to confer standing on BANA and therefore simply removed the special endorsement, converting it to a blank endorsement, not anticipating that it would be required to produce the original note". [Plaintiff's *Objection to Motion to Dismiss*, pg. 7]. Inferring fraudulent intent by speculation is totally insufficient to sustain a prima facie case of fraud. *Bankers Trust Co. v. Old Republic Insurance Co.*, 969 F.2d 677, 681(7th Cir. 1992); *In re Schmid*, 494 B.R. 737 (Bankr. W.D. Wisc. 2014). Plaintiff's inference of fraud is mere speculation that cannot withstand Rule 12 (b) scrutiny.

Plaintiff's assertion that BANA endorsed the Note after the foreclosure proceeding was filed is irrelevant to the determination of the validity of the Proof of Claim. The copy of the Note attached to the Proof of Claim contains an endorsement by allonge in blank. There is no requirement that an endorsement be dated. As the bearer of a note endorsed in blank, BANA was the holder of the Note and is entitled to enforce the same. The question is when it became the holder. More directly, was it the holder at the time of the filing of Plaintiff's bankruptcy? It is evident from the fact that Plaintiff received a copy of the original Note at closing in March 2008 with an attached unsigned allonge which named Countrywide that it was contemplated that Soltice would negotiate the Note to Countrywide. Plaintiff's counsel stated in oral argument that Plaintiff knew from the time she signed the Note that it was to be assigned to Countrywide, and she made her payments to Countrywide.

It does not appear to be disputed from the pleadings and oral argument that in 2008 Countrywide merged with BAC Home Loan Servicing L.P., and BAC was the holder of the Note from that time until it merged with BANA on or about July 1, 2011, at which time

14

BANA became the holder.  Regardless of when the actual endorsements, whether blank or special, were made, BANA was the holder of the Note by operation of law by virtue of the merger before the filing of bankruptcy on August 23, 2011.  Accordingly, it was not even necessary for Countrywide or BANA to assign the mortgage or endorse the  Note over to BANA.  With the establishment of either a blank or special endorsement by Solstice and possession by Countrywide, no further action was required for BAC or BANA upon their merger in order for BANA to have standing  to prosecute either the foreclosure  or the Proof of Claim.

In her *Memorandum*, Plaintiff places primary reliance on the case of *Veal v. American Home Mortgage Servicing, Inc. (In re Veal)*, 450 B.R. 897 (9th Cir. BAP 2011).  In *Veal*, the BAP reversed the bankruptcy court's allowance of a mortgage service company's proof of claim because it failed to present any evidence to support the assertion that it had either acted as the authorized agent of the alleged note holder, Wells Fargo, or to show that by possession or endorsement Wells Fargo was the entity entitled to enforce the note.  Contrary to *Veal*, BANA has presented evidence that it was the holder of and in possession of the Note at the time of filing a Proof of Claim.

### Confirmation of the Plan - Res Judicata

Bankruptcy Code § 1327(a) provides that "the provisions of the confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for in the plan".  Since the Chapter 13 confirmation order is binding under this provision, it is a final judgment which has claim preclusion effect.  *In re Mersmann*, 505F.3d 1033, 1047 (10th Cir. 2007); *Wallis v. Justice Oaks II Ltd. (In re Justice Oaks II, Ltd.*), 898 F.2d 1544, 1550

15

(11th Cir. 1990); *Adair v. Sherman,* 230 F.3d 890 (7th Cir. 2000). "Confirmation of a Chapter 13 plan customarily is res judicata as to all issues that were or could have been decided during the confirmation process". *Carvalho v. Federal National Mortgage Association (In re Carvalho)*, 335 F.3d 45, 49 (1st Cir. 2003). "Confirmation is the bright line in the life of a Chapter 13 case at which all the important rights of creditors and responsibilities of the debtor are defined and after which all rights and remedies must be determined with reference to the plan". *In re Sanders*, 243 BR 326,330 (Bankr. N.D. Ohio 2000) (quoting Lundin, *Chapter 13 Bankruptcy*, § 6.9,6-4 and 6-5 ). Thus, it has been held that a confirmation order bars post-confirmation litigation of a debtor's state law pre-petition claims where the creditor's proof of claim has been allowed. *In re Tippins*, 221 B.R. 11 (Bankr. N.D. Ala. 1998); *Bank of Lafayette v. Baudoin (In re Baudoin)*, 981 F.2d 736 (5th Cir. 1993); *Heritage Hotel Ltd. Partnership I v. Valley Bank of Nevada (In re Heritage Hotel Partnership I)*, 160 B. R. 374 (9th Cir. BAP 1993); *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973F.2d 474 (6th Cir. 1992); *Sure-Snap Corp.v. State Street Bank and Trust Co.*, 948 F.2d 869 (2nd Cir. 1991); *Samson v. Chase Home Finance*, 667 F. Supp.2d 692 (S.D. W.Va. 2009). Similarly, a confirmed Chapter 13 plan, which represents a new contractual agreement between debtors and their creditors, is res judicata on the issue of a creditor's rights as a party in interest with standing to seek relief from the stay. *In re Neals*, 459 B.R. 612 (Bankr. S.C. 2011) ("Debtors identified ASC as the proper party in interest to receive payment on the note and mortgage in the schedules, statements, proposed plan, as well as in their confirmed plan. Therefore, absent a greater showing to

16

justify a change in their position, debtors are barred from now asserting that ASC is not a party in interest with standing to seek relief from the stay.").

The issue is not whether the claims that Plaintiff is now pursuing in the adversary are identical to the issues resolved in the bankruptcy claims adjudication process. Instead, the issue is whether the current claims in the adversary could have been resolved in that confirmation and claims objection process, and whether addressing them here would undermine the bankruptcy court's orders, including the *Order Confirming Chapter 13 Plan*. Though one claim for relief is based in tort and the other for declaratory judgment as to the standing issue, both of Plaintiff's claims ultimately challenge the validity of BANA's claim against Plaintiff. The validity of BANA's claim was determined in the confirmation process, and this Court can take judicial notice of the same in ruling upon the Rule 12(b)(6) *Motion*.

For all the reasons above, BANA's Motion to Dismiss is **GRANTED.**

# # #